IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

ARNULFO PACAY GARCIA,         §
      **Petitioner,**                 §
                               §
**v.**                                §           **EP-25-CV-00591-DB**
                               §
**WARDEN,** *of El Paso Camp Montana East,* §
*et al.,*                            §
      **Respondents.**            §

## ORDER TO SHOW CAUSE

On this day, the Court *sua sponte* considered the above captioned case. Petitioner is a 35-year-old Guatemalan national who entered the United States without inspection on December 18, 2023. ECF No. [1] 1-1 at 4. Petitioner was apprehended upon his unlawful entry into the United States in 2023, served with a Notice to Appear (NTA) in immigration court, and released under an Order of Release on Recognizance. ECF No. 4 at 2 (citing ECF No. 4, Ex. A (Record of Deportable/Inadmissible Alien, I-213) at 2). Immigration and Customs Enforcement ("ICE") took Petitioner back into custody without a warrant on or about October 16, 2025. ECF No. 1-1 at 4. Petitioner was detained at the El Paso Service Processing Center in El Paso, Texas. ECF No. 1 at 1. Petitioner does not have any criminal history. *Id.* at 7. Petitioner is married to a US citizen and has three U.S. citizen children who depend on him. *Id.*

On November 25, 2025, Petitioner filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, *pro se*. Therein, he asked this Court to assume jurisdiction over this

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

matter, declare that his continued detention lacks statutory authority and violates his due process rights, and issue a writ of habeas corpus ordering his immediate release or a bond hearing. ECF No. 1-1 at 9. The same day, this Court issued its "Order to Show Cause," ECF No. 2, setting a briefing schedule and ordering that "Respondents SHALL NOT (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed." ECF No. 2 at 2.

Pursuant to the Court's briefing schedule, Respondents filed their response, ECF No. 4, on December 2, 2025. In their Response, Respondents advised that Petitioner was scheduled to appear before an immigration judge for a "master calendar hearing,[2] in removal proceedings, on December 4, 2025." ECF No. 4 at 2–3.

---

[2] "As a general matter, the purpose of the master calendar hearing is to:
- advise the respondent of the right to a practitioner at no expense to the government
- advise the respondent of the availability of pro bono legal service providers and provide the respondent with a list of such providers in the area where the hearing is being conducted
- advise the respondent of the right to present evidence
- advise the respondent of the right to examine and object to evidence and to cross-examine any witnesses presented by the Department of Homeland Security
- explain the charges and factual allegations contained in the Notice to Appear (Form I-862) to the respondent in non-technical language
- take pleadings
- identify and narrow the factual and legal issues
- set deadlines for filing applications for relief, briefs, motions, pre-hearing statements, exhibits, witness lists, and other documents
- provide certain warnings related to background and security investigations
- schedule hearings to adjudicate contested matters and applications for relief
- advise the respondent of the consequences of failing to appear at subsequent hearings
- advise the respondent of the right to appeal to the Board of Immigration Appeals

On December 5, 2025, the Court issued its "Memorandum Opinion and Order," ECF No. 5, wherein the following orders issued:

> IT IS HEREBY ORDERED that Petitioner Arnulfo Pacay Garcia's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, is GRANTED IN PART. IT IS FURTHER ORDERED Respondents SHALL PROVIDE Petitioner with a bond hearing before an immigration judge no later than December 11, 2025 at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of his removal proceedings. IT IS FURTHER ORDERED Respondents SHALL FILE an advisory informing the Court when the bond hearing will be held in accordance with the preceding order no later than December 9, 2025. IT IS FINALLY ORDERED Respondents SHALL FILE an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision no later than December 16, 2025.

ECF No. 5 at 12. On December 9, 2025, Respondents filed an "Advisory to the Court," advising that Petitioner was removed from the United States to Guatemala on December 8, 2025. ECF No. 8 at 1. Per Respondents, the December 4, 2025, hearing previously characterized as Petitioner's master calendar hearing was *actually* his final hearing before an immigration judge (i.e. the likely conclusion of his removal proceedings). *Id.*

---

*See* INA §§ 240(b)(4), 240(b)(5), 8 C.F.R. §§ 1240.10, 1240.15." *Immigration Court Practice Manual, Chapter 4 – Hearings Before the Immigration Judges, 4.15 – Master Calendar Hearing, Section (e) Scope of the Master Calendar Hearing*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, U.S. DEPARTMENT OF JUSTICE, https://www.justice.gov/eoir/reference-materials/ic/chapter-4/15 [https://perma.cc/QXY8-GENC] (last accessed December 11, 2025).

At this point, not only have Respondents violated this Court's November 25, 2025, order not to remove Petitioner from the United States until further order from this Court or until this case closes, but the misinformation provided with regard to Petitioner's underlying immigration proceedings caused this Court to expend valuable time and resources resolving an issue that may well have been moot as of December 4, 2025.[3] The Court notes this is not the first time Respondents and their assigns have violated this Court's orders in similar cases, as well as those before other judges in this division.[4] Respondents were previously warned that "Respondents and their entities should reevaluate their communication procedures to remediate seemingly inconsequential lapses that lead to irreparable consequences for parties and violations of Court orders. Respondents are forewarned that any similar action before this Court, especially in habeas petitions brought by alien detainees, may lead to sanctions or criminal contempt." *See* ECF No. 11, *Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, at 3 (W.D. Tex. October 30, 2025).

Title 18 of the United States Code Section 401 provides that any "court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. Petitioner filed his Petition, ECF No. 1, *pro se*. Since Petitioner is now somewhere in Guatemala, and

---

[3] Petitioner was seeking vindication of his right to a bond hearing pending the underlying conclusion of his removal proceedings.

[4] *See, e.g., Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025) (removing Petitioner to Mexico nearly 14 hours after this Court issued an order not to remove him from the United States); *Pablo Pablo v. Lyons*, No. 3:25-CV-566-DCG, ECF No. 15 (W.D. Tex. December 5, 2025) (ordering petitioner's return from Guatemala to El Paso after deporting him despite a court order prohibiting such action).

presumably unaware of his right to seek contempt against Respondents in these circumstances, the Court will *sua sponte* issue the following orders in the interest of justice.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL SHOW CAUSE** why this Court shall not issue contempt of Court against them for violation of this Court's November 25, 2025, order, ECF No. 2. Respondents should also address why they failed to provide the Court with accurate information regarding the status of Petitioner's underlying immigration proceedings.

**IT IS FURTHER ORDERED** that Respondents **SHALL SHOW CAUSE** in accordance with the preceding order **no later than 10 days from the issuance of this order.**

**SIGNED** this **11th** day of **December 2025**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**