IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ARNULFO PACAY GARCIA,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | EP-25-CV-00591-DB |
| § | | |
| **WARDEN,** *of El Paso Camp Montana East,* § | | |
| *et al.,* § | | |
| Respondents. § | | |

### ORDER OF NON-CONTEMPT

On this day, the Court considered the above captioned case. Petitioner is a 35-year-old Guatemalan national who entered the United States without inspection on December 18, 2023. ECF No.[1] 1-1 at 4. Petitioner was apprehended upon his unlawful entry into the United States in 2023, served with a Notice to Appear (NTA) in immigration court, and released under an Order of Release on Recognizance. ECF No. 4 at 2 (citing ECF No. 4, Ex. A (Record of Deportable/Inadmissible Alien, I-213) at 2). Immigration and Customs Enforcement ("ICE") took Petitioner back into custody without a warrant on or about October 16, 2025. ECF No. 1-1 at 4. Petitioner was detained at the El Paso Service Processing Center in El Paso, Texas. ECF No. 1 at 1. Petitioner does not have any criminal history. *Id.* at 7. Petitioner is married to a US citizen and has three U.S. citizen children who depend on him. *Id.*

On November 25, 2025, Petitioner filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, *pro se*. Therein, he asked this Court to assume jurisdiction over this

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

matter, declare that his continued detention lacks statutory authority and violates his due process rights, and issue a writ of habeas corpus ordering his immediate release or a bond hearing. ECF No. 1-1 at 9. The same day, this Court issued its "Order to Show Cause," ECF No. 2, setting a briefing schedule and ordering that "Respondents SHALL NOT (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed." ECF No. 2 at 2.

Pursuant to the Court's briefing schedule, Respondents filed their response, ECF No. 4, on December 2, 2025. In their Response, Respondents advised that Petitioner was scheduled to appear before an immigration judge for a "master calendar hearing,[2] in removal proceedings, on December 4, 2025." ECF No. 4 at 2–3.

---

[2] "As a general matter, the purpose of the master calendar hearing is to:
- advise the respondent of the right to a practitioner at no expense to the government
- advise the respondent of the availability of pro bono legal service providers and provide the respondent with a list of such providers in the area where the hearing is being conducted
- advise the respondent of the right to present evidence
- advise the respondent of the right to examine and object to evidence and to cross-examine any witnesses presented by the Department of Homeland Security
- explain the charges and factual allegations contained in the Notice to Appear (Form I-862) to the respondent in non-technical language
- take pleadings
- identify and narrow the factual and legal issues
- set deadlines for filing applications for relief, briefs, motions, pre-hearing statements, exhibits, witness lists, and other documents
- provide certain warnings related to background and security investigations
- schedule hearings to adjudicate contested matters and applications for relief
- advise the respondent of the consequences of failing to appear at subsequent hearings
- advise the respondent of the right to appeal to the Board of Immigration Appeals

On December 5, 2025, the Court issued its "Memorandum Opinion and Order," ECF No. 5, wherein the following orders issued:

> IT IS HEREBY ORDERED that Petitioner Arnulfo Pacay Garcia's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, is GRANTED IN PART. IT IS FURTHER ORDERED Respondents SHALL PROVIDE Petitioner with a bond hearing before an immigration judge no later than December 11, 2025 at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of his removal proceedings. IT IS FURTHER ORDERED Respondents SHALL FILE an advisory informing the Court when the bond hearing will be held in accordance with the preceding order no later than December 9, 2025. IT IS FINALLY ORDERED Respondents SHALL FILE an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision no later than December 16, 2025.

ECF No. 5 at 12. On December 9, 2025, Respondents filed an "Advisory to the Court," advising that Petitioner was removed from the United States to Guatemala on December 8, 2025. ECF No. 8 at 1. Per Respondents, the December 4, 2025, hearing previously characterized as Petitioner's master calendar hearing was *actually* his final hearing before an immigration judge (i.e. the likely conclusion of his removal proceedings). *Id.*

On December 11, 2025, the Court ordered Respondents to show cause "why this Court shall not issue contempt of Court against them for violation of this Court's November 25, 2025, order, ECF No. 2. Respondents should also address why they failed to provide the Court with

---

*See* INA §§ 240(b)(4), 240(b)(5), 8 C.F.R. §§ 1240.10, 1240.15." *Immigration Court Practice Manual, Chapter 4 – Hearings Before the Immigration Judges, 4.15 – Master Calendar Hearing, Section (e) Scope of the Master Calendar Hearing*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, U.S. DEPARTMENT OF JUSTICE, https://www.justice.gov/eoir/reference-materials/ic/chapter-4/15 [https://perma.cc/QXY8-GENC] (last accessed December 11, 2025).

accurate information regarding the status of Petitioner's underlying immigration proceedings." ECF No. 9. This Court reasoned that "[s]ince Petitioner is now somewhere in Guatemala, and presumably unaware of his right to seek contempt against Respondents in these circumstances, the Court will *sua sponte* issue the following orders in the interest of justice." *Id.* at 5.

On December 22, 2025, Respondents filed a response asking the Court not to use the sanction of contempt affirming Respondents acted in good faith and did not willfully violate the Court's order. Respondents also asserted that the information provided to the Court in ECF No. 4 regarding the master calendar hearing was accurate at the time ECF No. 4 was filed. ECF No. 12 at 1. Respondents represent that "an inadvertent and unintentional error"[3] resulted in the Court's order not being sent to Immigration and Customs Enforcement for compliance. *Id.* at 2. Respondents further represent that information about the master calendar hearing, "was accurate when it was provided to the Court," but said hearing was "converted into a removal order because Petitioner did not request any relief and there was no need to set the matter for an additional individual hearing." *Id.* at 3.

---

[3] ("Respondents have checked with staff and checked the dedicated mailbox and it appears that last step of forwarding the Court's order to ICE was inadvertently missed in this case for Court's order at ECF No. 2.).

After due consideration of the representations made by Respondents in their response, ECF No. 12, **IT IS HEREBY ORDERED** Respondents **SHALL NOT** be held in contempt for failing to comply with this Court's November 25, 2025, order, ECF No. 2.

**SIGNED** this **6th** day of **January 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE